UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SALVATORE ARNONE,                                          Civil Action No.:
                                                           13 CV 05168(JS)(WDW)
        Plaintiff,

  -against-                                      **ANSWER**

AETNA, INC., d/b/a
AETNA LIFE INSURANCE COMPANY,                              DOCUMENT
                                                           ELECTRONICALLY FILED
        Defendant.

-------------------------------------------------------------------X

  Defendant, AETNA LIFE INSURANCE COMPANY ("Aetna") s/h/a AETNA, INC., d/b/a AETNA LIFE INSURANCE COMPANY, by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated August 1, 2013, respectfully sets forth the following upon information and belief:

  FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint

  SECOND:  Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged, except admits that Aetna was and is an insurance company duly licensed to conduct business in the State of New York with a home office and principal place of business located at 151 Farmington Avenue, Hartford, CT.

  THIRD:  Denies each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged, except admits that Aetna was and is an insurance company duly licensed to conduct business in the State of New York with a home office and principal place of business located at 151 Farmington Avenue, Hartford, CT.

  FOURTH:  Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged, except admits that Aetna was and is an insurance company duly licensed to

conduct business in the State of New York with a home office and principal place of business located at 151 Farmington Avenue, Hartford, CT.

  FIFTH:  Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged, except admits that plaintiff, Salvatore Arnone ("Arnone"), informed Aetna that he was born on August 9, 1960, and prior to filing a claim under the Konica Minolta Business Solutions U.S.A., Inc. ("Konica") Long Term Disability Benefit Plan (the "Plan"), he was employed at Konica as an Account Executive.

  SIXTH:  Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, except admits that at all relevant times Arnone was a participant in the Plan, and that Aetna issued a group policy of insurance, bearing policy No. GP-877115, to fund benefits under the Plan.

  SEVENTH:  Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint.

  EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint, except admits that Arnone informed Aetna that he suffered an injury while working on June 26, 2009.

  NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiff's Complaint.

  TENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the plaintiff's Complaint, except admits that Arnone initiated a claim for long term disability ("LTD") benefits under the Plan on December 2, 2009.

  ELEVENTH: Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged, except admits that Arnone initiated a claim for LTD benefits under the Plan on December 2, 2009, and that by letter dated March 12, 2010, Aetna approved Arnone's claim as of

December 7, 2009, and that pursuant to the terms of the Plan, any benefit payments would be subject to all applicable offsets, and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

TWELFTH: Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint as alleged, except admits that pursuant to the terms of the Plan, Aetna offset plaintiff's monthly LTD benefit payments by $2,383.33, which is the amount of "other income" he also received in the form of monthly Worker's Compensation benefits.

THIRTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint as alleged, except admits that Arnone applied for and was awarded primary Social Security Disability Income ("SSDI") benefits by the Social Security Administrative in the amount of $2,414.00 per month effective December 2009, and that his children were awarded dependent SSDI ("DSSDI") benefits in the amount of $1,206 based on Arnone's disability effective December 2009.

FOURTEENTH: Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, except admits that by letter dated May 10, 2011, Aetna informed Arnone that his monthly disability benefit would be applied to reimburse Aetna for overpayments of Plan LTD benefits Arnone has received due to his simultaneous receipt of "other income" benefits.

FIFTEENTH: Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the plaintiff's Complaint, except admits that plaintiff informed Aetna that he initiated a personal injury lawsuit regarding the injury he suffered on June 26, 2009 (the "PI lawsuit").

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the plaintiff's Complaint.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, except admits that Arnone settled the PI lawsuit.

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, except denies that Aetna received any reimbursement from the Worker's Compensation Insurance Carrier.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

TWENTY-FOURTH: In response to paragraph "24" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "23" inclusive, with the same force and effect as if more fully set forth at length herein

TWENTY-FIFTH: Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

TWENTY-SIXTH: In response to paragraph "26" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "25" inclusive, with the same force and effect as if more fully set forth at length herein

4

TWENTY-SEVENTH: Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-NINTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTIETH: Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FIRST: All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff's claims against Aetna must be dismissed to the extent they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*("ERISA").

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: Plaintiff did not exhaust or timely pursue all available administrative and/or contractual appeal remedies prior to commencement of this action

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

THIRTY-FOURTH:   To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

THIRTY-FIFTH:   Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH:   Defendant Aetna, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH:   Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

**THIRTY-NINTH:** To the extent necessary, Aetna denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**FORTIETH:** Aetna's reduction of plaintiff's monthly LTD benefit in the amount of "other income benefits" is required under the unambiguous terms of the Plan.

**WHEREFORE**, defendant Aetna prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant Aetna and against plaintiff;

2. That defendant Aetna, be awarded costs of suit incurred herein;

3. That defendant Aetna, be awarded reasonable attorney's fees; and

4. That defendant Aetna, be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 7, 2013

Respectfully submitted,

 s/
Michael H. Bernstein (MB 0579)
Matthew P. Mazzola (MM 7427)
SEDGWICK, LLP
*Attorneys for Defendant*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

To:
Ted J. Tanenbaum & Associates PC
One Old Country Road
Suite 318
Carle Place, NY 11514
*Attorney for Plaintiff*

Michael P. DeNoto
SIBEN & SIBEN, LLP
90 East Main Street
Bay Shore, NY 11706
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served via regular mail on October 7, 2013, upon the following:

> Ted J. Tanenbaum & Associates PC
> One Old Country Road
> Suite 318
> Carle Place, NY 11514
> 516-873-0011
> Fax: 516-873-0011
> Attorney for Plaintiff
>
> Michael P. DeNoto
> SIBEN & SIBEN, LLP
> 90 East Main Street
> Bay Shore, NY 11706
> (631)665-3400
> *Attorneys for Plaintiff*

s/_____
Michael H. Bernstein (MB 0579)

Dated:   New York, New York
         October 7, 2013