ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP



*Michael Bernstein*
*michael.bernstein@sedgwicklaw.com*

February 26, 2014

*Via ECF and Regular Mail*
Hon. Leonard D. Wexler, U.S.D.J.
U.S. Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-9014

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 28 2014 ★

**LONG ISLAND OFFICE**

Re: *Salvatore Arnone v. Aetna, Inc. d/b/a Aetna Life Insurance Company*
    Civil Action No.: 13-cv-5168

Dear Judge Wexler:

    This office represents defendant Aetna Life Insurance Company ("Aetna") in the above-referenced matter. We respectfully submit this letter requesting leave to amend Aetna's Answer[1] pursuant to Fed. R. Civ. P. Rule 15(a)(2) in order to assert a counter-claim for equitable restitution pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et. seq. ("ERISA"). Plaintiff's counsel has advised that he had no objection to Aetna filing an Amended Answer.

## BACKGROUND INFORMATION

    Aetna approved plaintiff Salvatore Arnone's ("Arnone") claim for long term disability ("LTD") benefits under the Konica Minolta Business Solutions USA. Inc. Group LTD Plan (the "Plan") on March 12, 2010. Arnone's subsequent claims for continuing LTD benefits were similarly approved and he continues to receive benefits under the Plan. In December 2012, Arnone obtained $850,000 in settlement of a personal injury action for damages related to the injuries that caused his disability. Since Arnone did not submit any evidence demonstrating what portion of the settlement amount was designated for lost income due to his alleged disability, Aetna offset Arnone's monthly LTD benefit by a percentage of the settlement amount, which is required pursuant to the clear and unambiguous terms of the Plan. Arnone commenced this action challenging Aetna's offset of his monthly LTD benefits due under the Plan, alleging that Aetna's application of the offset related to his settlement was improper because the settlement proceeds were specifically designated for "pain and suffering," not lost income due to his disability.

    Prior to receiving the above-referenced settlement amount, Arnone was awarded Social Security Disability Income ("SSDI") benefits by Notice of Award dated April 16, 2011. Specifically, the Social Security Administration ("SSA") approved Arnone's claim for SSDI benefits and began paying him $2,414 per month effective April 1, 2011. The SSA also found Arnone disabled beginning on December 1, 2009 and approved his claim for back benefits in the amount of $41,038 for the period of December 2009 through April 2011. In addition, Arnone's two children were each awarded Dependent SSDI ("DSSDI")

---

[1] The Defendant's Proposed Amended Answer, which includes its proposed counterclaim, is attached hereto as Exhibit "A."

Hon. Leonard D. Wexler, U.S.D.J.
Re: *Arnone v. Aetna*
Civil Action No.: 13-cv-5168
Page 2

benefits effective December 2009 in the amount of $1,206. Arnone's children also received a retroactive award of DSSDI benefits in the amount of $20,502.00 for the period of December 2009 through April 2011. Since Aetna paid Arnone benefits for the period of time he also received the retroactive SSDI and DSSDI awards, he received an overpayment under the Plan in the amount of $61,540 and, as such, Aetna is entitled to recover the full amount of that overpayment pursuant to the terms of the Plan. In fact, Arnone executed a Reimbursement Agreement dated December 2, 2009 in which he agreed to reimburse Aetna for any and all overpayments made to him, or his dependants, under the LTD Plan.

### DEFENDANT'S PROPOSED COUNTERCLAIM HAS MERIT

Under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), a plan fiduciary may bring a civil action "to obtain ... appropriate equitable relief ... to enforce ... the terms of the plan." 29 U.S.C. §1132(a)(3)(B). As referenced above, since Aetna paid Arnone benefits for the period of time he received the retroactive SSDI and DSSDI awards, which resulted in an overpayment under the Plan in the amount of $61,540, Aetna is entitled to recover the full amount of that overpayment. Accordingly, pursuant to ERISA§502(a)(3); 29 U.S.C.§1132(a)(3), Aetna is entitled to equitable restitution from plaintiff of the overpayment he received in the total amount of $61,540 and thus, should be granted leave to assert a counterclaim. *See Thurber v. Aetna Life Ins. Co.*, 712 F.3d 654 (2d Cir. 2013); *Rund v. JPMorgan Chase Grp. Long Term Disability Plan*, 855 F. Supp. 2d 185, 205 (S.D.N.Y. 2012).

### I.  THIS COURT SHOULD GRANT DEFENDANT LEAVE TO FILE AN AMENDED ANSWER IN THE INTEREST OF JUSTICE

A motion for leave to amend the pleadings is evaluated under Federal Rule of Civil Procedure Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be granted unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ..." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009); *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *accord Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Pursuant to the Scheduling Order dated November 7, 2013, the deadline for the parties to file motions for leave to amend the pleading is May 1, 2014. The requested amendment therefore is not being brought with undue delay, in bad faith or with a dilatory motive. Furthermore, allowing the aforementioned amendment will not prejudice the plaintiff. Aetna has already provided plaintiff with all of the discovery relevant to its contemplated counter-claim in this matter. In the unforeseen event that plaintiff requests further discovery regarding Aetna's counter-claim, which is inappropriate in this ERISA case, the discovery deadline does not expire until July 24, 2014. Therefore, plaintiff has plenty of time to pursue further discovery. Lastly, plaintiff's counsel stated that he has no objection to Aetna's request. Accordingly, this Court should grant Aetna leave to file an Amended Answer.

Based on the foregoing, Aetna requests leave to file an amended answer pursuant to Fed. R. Civ. P. Rule 15(a).

Hon. Leonard D. Wexler, U.S.D.J.
Re: *Arnone v. Aetna*
Civil Action No.: 13-cv-5168
Page 3

Thank you for your consideration of this matter.

Respectfully submitted,

s/
Michael Bernstein
Sedgwick LLP

MHB

**Order**
The application is:
✓ granted.
___ denied
___ referred to Magistrate Judge _____ for
  ___ decision
  ___ report and recommendation

So Ordered.

s/ Sandra J. Feuerstein
U.S.D.J.   4/28/14